Filed 9/12/13  P. v. Santos CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063644 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SF91841) |
| ISAAC GARCIA SANTOS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Isaac Garcia Santos, in pro. per.; Anita P. Jog, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Isaac Garcia Santos appeals the denial of his petition for recall of sentence. Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25

Cal.3d 436 (*Wende*). Santos responded to our invitation to file a supplemental brief. After having independently reviewed the entire record for error as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende*, we affirm.

## I

## FACTUAL AND PROCEDURAL BACKGROUND

In 1995, Santos was convicted of three counts of residential burglary. (Pen. Code § 459.)[1] Because Santos had two prior serious felonies, he was sentenced under the three strikes law (§ 667, subd. (e)(2)) to a term of 85 years to life.

In February 2013, Santos filed a petition pursuant to section 1170.126 to recall his sentence. Under section 1170.126, a prisoner serving an indeterminate life term under the three strikes law may file a petition for recall of sentence if, among other things, the prisoner's current sentence is not for the commission of a serious and/or violent felony as defined in section 667.5 or section 1192.7. The trial court denied Santos's petition on the ground that Santos was ineligible to file a petition under section 1170.126 because his residential burglary convictions were classified as serious felonies. (§ 1192.7, subd. (c)(1)(18).)

## II

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this

---

[1] All further statutory references are to the Penal Code.

court to review the record for error in accordance with *Wende*, *supra*, 25 Cal.3d 436.

Pursuant to *Anders*, *supra*, 386 U.S. 738, counsel identified as a possible but not arguable issue:  Is petitioner entitled to resentencing pursuant to section 1170.126?

After we received counsel's brief, we gave Santos an opportunity to file a supplemental brief, which he filed on August 23, 2013.  Santos raised four arguments that do not pertain to the petition to recall his sentence under section 1170.126, and thus are not within the scope of an appeal from the ruling on that petition.  Specifically, Santos argues (1) his sentence was based on facts the jury did not find beyond a reasonable doubt; (2) the length of his sentence constitutes cruel and unusual punishment; (3) his constitutional rights were violated in that his sentence was enhanced based on a prior plea agreement or contract; and (4) his sentence violated the ex post facto clause.

A review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the issues suggested by counsel and by Santos, has disclosed no reasonably arguable appellate issue.  Santos has been adequately represented by counsel on this appeal.

DISPOSITION

The order denying the petition to recall sentence is affirmed.

_____
                                                IRION, J.

WE CONCUR:


_____
        O'ROURKE, Acting P. J.


_____
           AARON, J.

4